IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:25-CR-00028-M-KS

UNITED STATES OF AMERICA

v.

MAJOR ALEXANDER NEWKIRK, III

ORDER

This matter comes before the court on the Defendant's Objection and Response to the Government's Information Under 21 U.S.C. § 851 [DE 24]. In the document, Defendant asks the court to "hold a hearing under § 851(c)." For the reasons that follow, the court denies Defendant's request.

In the Indictment, the grand jury charges Defendant with two counts of possession with intent to distribute quantities of Schedule II controlled substances pursuant to 21 U.S.C. § 841(a)(1). DE 1. The Indictment also contains an "allegation of prior conviction," which specifies that Defendant "had a prior conviction for a felony drug offense as defined in 21 U.S.C. § 802(44)." *Id.* In accordance with 21 U.S.C. § 851(a), the United States filed a Notice of Intent to Seek Enhanced Penalty, in which the government identifies and describes Defendant's prior "felony drug offense." DE 22.

At the arraignment on October 8, 2025, this court advised Defendant of the government's intent to seek the enhanced penalty found in 21 U.S.C. § 841(a)(1)(C): "If any person commits [a Schedule II controlled substances] violation after a prior conviction for a *felony drug offense* has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years

. . . ." (emphasis added). The term "felony drug offense" is defined as "an offense that is *punishable by imprisonment for more than one year* under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs . . . ." 21 U.S.C. § 802(44) (emphasis added).

In his objection and request for hearing, Defendant contends that the noticed prior conviction does not meet the definition of 21 U.S.C. § 802(58) for a "serious drug felony," since he did not actually "serve[] a term of imprisonment of more than 12 months." DE 24. However, the enhancement sought by the United States—under 21 U.S.C. § 841(a)(1)(*C*)—does not require a showing of a prior "serious drug felony"; rather, as described in the case cited by Defendant (*United States v. Skaggs*, 23 F.4th 342, 344 (4th Cir. 2022)), a showing of a prior serious drug felony is required for the enhancement set forth in § 841(a)(1)(*A*), which, *inter alia*, increases a mandatory minimum imprisonment term of ten years to fifteen years.

Defendant concedes that, for the noticed prior conviction, Felony Possession with Intent to Sell and Deliver Marijuana, he was sentenced to a prison term of "6-17 months." DE 24 at 2. While Defendant may have served fewer than twelve months on such sentence, it is undisputed that the felony drug offense was punishable by imprisonment for more than one year under North Carolina law. Defendant has failed to demonstrate any relevant factual dispute regarding this matter; thus, the court finds an evidentiary hearing, required under § 851(c)(1), to be unnecessary. Defendant's request is DENIED.

SO ORDERED this 18th day of November, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE